H. Harcourt Horn *vs.* St. Paul & Northern Pacific Railway Company.

October 28, 1887.

Contract—Account Stated—Restatement—Payment of Less Amount.
   Although parties may have agreed upon a statement of account, they may, by mutual consent, waive this, and agree to a reopening and restatement of the account; and if, after such statement, the creditor accepts the amount as thus stated as full payment of the account, without exception or reservation, this will constitute a full settlement of his whole claim, although the amount received is less than the sum agreed on as his due at the first settlement.

Appeal by plaintiff from an order of the district court for Ramsey county, *Brill*, J., presiding, refusing a new trial.

*H. H. Horn* and *C. E. Severance*, for appellant.

When plaintiff parted with his report after presentation of his bill and the promise of defendant's agent, Postlethwaite, to pay the same, there was an account stated, and a right of action vested in plaintiff, which could only be destroyed by a release, or by receipt of something in satisfaction of the wrong. *Cumber* v. *Wane*, 1 Strange, 426; S. C. 1 Smith, Lead. Cas. 641; *Warren* v. *Skinner*, 20 Conn. 559; *Ryan* v. *Ward*, 48 N. Y. 204; *St. Louis, etc., R. Co.* v. *Davis*, 35 Kan. 464; *Sonnenberg* v. *Riedel*, 16 Minn. 72, (83;) *Mitchell* v. *Sawyer*, 71 N. C. 70; *McKnight* v. *Dunlop*, 5 N. Y. 537, 544, (55 Am. Dec. 370;) *Bowman* v. *Teall*, 23 Wend. 306, (35 Am. Dec. 562;) *Allaire* v. *Whitney*, 1 Hill. 484; *Willoughby* v. *Blackhouse*, 2 B. & C. 821; *Baylis* v. *Usher*, 4 Moore & Payne, 790; *Foersch* v. *Blackwell*, 14 Barb. 607. The payment of a portion of the amount of the account stated was no consideration for the discharge of the balance. Bishop, Contracts, § 48; *Watson* v. *Elliott*, 57 N. H. 511; *Wheeler* v. *Wheeler*, 11 Vt. 60, 66; Anson, Contracts, 78; *Cumber* v. *Wane, supra; Bright* v. *Coffman*, 15 Ind. 371, (77 Am. Dec. 96;) *Ryan* v. *Ward, supra; Miller* v. *Coates*, 66 N. Y. 609; *Bourke* v. *James*, 4 Mich. 336; *American Bridge Co.* v. *Murphy*, 13 Kan. 35; *Pierce* v. *Pierce*, 25 Barb. 243; *Harris* v. *Story*, 2 E. D. Smith, 363; *Taylor* v. *Nussbaum*, 2 Duer, 302; *Neary* v. *Bostwick*, 2 Hilton, 514; *Preston* v. *Grant*, 34 Vt. 201; *Babcock* v. *Hawkins*, 23 Vt. 561; *Miller* v. *Holden*, 18 Vt. 337; *Boston Rubber Co.* v. *Peerless Wringer Co.*, 58 Vt. 551.

*D. A. Secombe*, for respondent.

MITCHELL, J.   The undisputed facts in this case are, in brief, that in two condemnation proceedings, instituted by defendant against two other railway companies, a reference was made to J. B. Beals, Esq., to take and report the evidence.   Witnesses were produced and examined before the referee in behalf of each of the parties.   By the consent and for the accommodation of all parties, the plaintiff took down the evidence in short-hand, and made a copy for each of the attorneys. Before the referee filed his report, and before the plaintiff furnished the referee with a copy of the evidence, he made out a bill in each case against defendant, (Exhibits C and D,) amounting together to $869.27, and presented them to Mr. Postlethwaite, the representa-

tive of the defendant, (designated pursuant to Gen. St. 1878, *c.* 34, § 82,) who said "they were all right, and would be paid." Thereupon plaintiff furnished a copy of the evidence to the referee, who then filed his report.

Although these bills were not itemized so as to show the fact on their face, yet in fact they included charges for all the time occupied and labor performed in taking the evidence of all the parties. The matter having been brought to the attention of the attorney for the company, he took the position that they were not liable for the whole of plaintiff's bill, and for that reason Postlethwaite refused to pay it, and referred the matter to their attorney, with whom all subsequent negotiations in the matter on part of plaintiff were had. Upon their first interview the attorney of the company took the position that they were only liable for plaintiff's *per diem* for the days occupied in examining their own witnesses, and for the writing up the evidence of those witnesses, and for the copy of the evidence furnished for their use. The plaintiff took the position that the company, as the moving party in the proceedings, was liable for the whole amount. At this time no agreement was arrived at. Upon a second interview and discussion of the matter, the attorney of the company took the same position, and repeated what he had formerly said, and added: "If you will make up your bill on that basis, our company will pay it." Thereupon plaintiff, without any expressed dissent or reservation, made up his bill (Exhibits A and B) on that basis, amounting to $299.35, which was paid by the company, plaintiff acknowledging receipt of that amount "in full of above account."

Plaintiff then brought this action to recover, upon an account stated, the sum of $869.27, less the sum of $299.35 paid. When the plaintiff rested, the court, upon motion of defendant, dismissed the action. In this we think the court was right. Conceding all that plaintiff claims for what occurred at the time of the presentation of his original bill to Postlethwaite as "a statement of account," yet we think it was competent for the parties, by mutual consent, to waive this, and to agree to a reopening and restatement of the account; and if, after such restatement, the account was settled by payment of the amount as thus stated, this would entirely supersede the first

statement of account, and constitute a full settlement of the whole matter. We think that is just what the undisputed evidence shows was done in the case. The proposition of defendant's attorney (which plaintiff, by his acts, accepted) was that his bill should be made up on a certain basis. This clearly meant his entire bill against the company, and not a mere partial one. The new bill, as made up, covers the entire ground covered by the first one, viz., *per diem*, writing up the evidence, and furnishing defendant a copy. The difference between the two bills does not consist merely in dropping a part of the first out of the last, but the two are entirely different in their statements as to the whole amount of evidence taken, and as to the rate of charges for the services. Some of these changes are in favor of the defendant, and others in favor of plaintiff. For example, in the first bills, the charge for writing up the testimony is $12\frac{1}{2}$ cents per folio; in the second only 10 cents; while, for the copy furnished, the charge in the first bills was only about 3 cents per folio, while in the second it was 5 cents. These second bills, upon their face, and in the light of the circumstances under which they were made, in our opinion clearly show that they cover the entire account of the plaintiff against the defendant in this matter, and the defendant had a right to so understand it. The plaintiff, by making out these bills, presenting them, and accepting payment of them without any expressed exception or reservation, (for a mere secret mental reservation amounts to nothing,) must be held to have agreed to this as a statement or restatement of his entire account against defendant, and to have accepted the sum thus stated in full settlement.

Order affirmed.

DICKINSON, J. I think that the first transaction constituted an account stated, so as to charge the defendant with its payment, if not affected by fraud or mistake, or that such, at least, might have been found to be the case; and that, upon the evidence, it should have been left to the jury to determine whether it was the intention of the parties that the subsequent statement of account and payment should supersede and annul the effect of the former agreement and obligation.